HORACE FELTON *vs.* CHARLES MINOT.

If labor and materials have been furnished and used in the erection of a building, under an entire contract, so far as the labor and materials are concerned, but with no stipulation for any definite price, a lien may exist for the value of the labor, although there is none for the materials.

PETITION to enforce a mechanic's lien for labor in the erection of a building.

At the trial in the superior court, before *Lord*, J., without a jury, it appeared that the labor in question was done under a special agreement with the contractor for the erection of the building, to do all the labor and find all the materials necessary to complete a portion of the building; that the contract was entire; that materials were furnished; that no steps had been taken to secure a lien for the materials; and that no price was fixed other than this, that the job was to be done as cheaply as possible.

Upon these facts the judge found for the respondent, and the petitioner alleged exceptions.

*B. F. Rice*, for the petitioner.

*A. A. Ranney*, for the respondent.

BIGELOW, C. J. We can see no valid objection to the right of the petitioner to enforce his lien on the estate described in his petition. The evidence shows that there is a debt due to him for labor performed and furnished in the erection of a building upon real estate by virtue of an agreement with a person having authority from and rightfully acting for the owner of the property. The claim is therefore within the letter of the statute. Nor is there anything in the nature of the contract or of the claim arising under it for labor furnished and performed by the petitioner, which ought to bar or defeat his right of lien or prevent him from claiming the benefit of the statute. The fact that the work was done under an entire contract is unimportant. A contract for labor only may be an entire one, that is, for certain specific and designated work, to be entirely completed and finished. It certainly cannot be contended that for

work done under such a contract no right of lien would arise. The statute does not either in terms or by implication confine the right to any particular species of contracts. It extends to and includes implied as well as express contracts; and those which are entire as well as those which are divisible. Equally unimportant is it that the contract under which the labor for which the lien is now claimed was performed embraced an agreement for the supply of materials as well as of labor, and that no lien is claimed for the former. This is not a case where the compensation or contract price was one round sum, to be paid on the completion of the contract, covering both labor and materials, without any designation of the sum to be paid for either, or any means furnished by the contract itself by which to ascertain what portion of the agreed price was to be paid for the labor or materials separately. If such were the case, it is clear that the court could not apportion the price which by the contract is fixed at an entire sum betwixt the two subject matters embraced within it, for the purpose of enforcing a lien, without substantially making a new bargain for the parties. Under such a contract no separate and distinct sum would be due for labor or for materials, and no account for either could be ascertained or stated, so as to give a lien for one dissevered and taken apart from the others. This was the ground on which the case of *Morrison* v. *Minot,* 5 Allen, 403, was decided. But no such insuperable difficulty exists in the present case. The labor and materials, though supplied under an entire contract embracing both, were to be paid for separately. The petitioner was entitled to a fair compensation for each. This was easily susceptible of proof. It was only necessary for the court to inquire and ascertain what would be a fair compensation for the work done, according to the usual method of determining the question of a *quantum meruit* in judicial proceedings. This would not lead to the necessity of making any new contract for the parties, or of disturbing in any degree the due apportionment of the stipulated compensation; but it would carry out the intent of the parties, by fixing the price of that for which the lien is claimed according to the standard which the parties by their

contract had prescribed. When thus ascertained, it would constitute a valid claim for lien, within the express words of the statute. *Exceptions sustained.*